UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WESBY D., | Case No. 26-CV-1064 (PJS/EMB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and JOEL BROTT, Sheriff of Sherburne, | |
| Respondents. | |

Kira Aakre Kelley, CLIMATE DEFENSE PROJECT, for petitioner.

David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Joel Brott.

This matter is before the Court on petitioner Wesby D.'s petition for a writ of habeas corpus.[1] Wesby, a citizen of Haiti, lawfully entered the United States on January 24, 2024, pursuant to the Haitian Humanitarian Parole ("HHP") program, with permission to remain until June 12, 2025. V. Pet. ¶ 13; Fuller Decl. Ex. B at 2. Wesby

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initial. The Court notes that, while the order of petitioner's names is reversed in the initial petition, the parties now appear to agree that petitioner's first name is Wesby.

filed an asylum application on November 27, 2025, and does not have a final order of removal.  V. Pet. ¶ 14; Fuller Decl. Ex. B at 2.  Immigration agents arrested Wesby on December 23, 2025, as he was attempting to enter his workplace at the Minneapolis-St. Paul International Airport.  V. Pet. ¶ 15.  Wesby alleges that he was arrested without a warrant, *id.* ¶ 52, and respondents offer no evidence to the contrary.

Respondents first argue that Wesby is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because, as an alien who entered pursuant to the HHP, he is considered an "arriving alien."  Respondents may be correct that Wesby is an "arriving alien."  *See* 8 C.F.R. § 1.2 ("An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked."); *but see Bashir K.A. v. Klang*, No. 25-CV-4559 (KMM/DJF), 2026 WL 452353, at *5 n.7 (D. Minn. Feb. 17, 2026) (noting that there is no statutory definition of "arriving alien" and, exercising independent judgment pursuant to *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), finding that § 1.2 is inconsistent with the plain statutory language).  The Court need not resolve this issue, however, as Wesby is nevertheless not subject to mandatory detention under § 1225(b)(1).

An arriving alien who is determined to be inadmissible under 8 U.S.C. § 1182(a)(6)(C) or (a)(7) is ordered removed without further hearing unless he indicates an intent to apply for asylum or a fear of persecution.  8 U.S.C. § 1225(b)(1)(A)(i).  If the

-2-

alien indicates an intent to apply for asylum—as Wesby did, by actually applying for asylum weeks before he was arrested in December 2025—then the immigration officer must refer the alien for an interview with an asylum officer.  *Id.* § 1225(b)(1)(A)(ii).  If the asylum officer finds that the alien has a credible fear of persecution, then the alien is detained for further consideration of his asylum application.  *Id.* § 1225(b)(1)(B)(ii).  If the asylum officer finds no credible fear of persecution, the asylum officer orders the alien removed without further hearing or review.  *Id.* § 1225(b)(1)(B)(iii)(I).

These detention provisions are all triggered by an immigration officer referring the arriving alien for an interview with an asylum officer.  *Id.* § 1225(b)(1)(A)(ii).  But there is no indication that Wesby was referred for such an interview.  Wesby did assert a fear of persecution at the time he was arrested, *see* Fuller Decl. ¶ 5 & Ex. B (Form I-213), but he does not appear to have had the necessary credible-fear interview with an asylum officer, *see* 8 C.F.R. § 208.30(d) ("A USCIS asylum officer will conduct the credible fear interview in a nonadversarial manner, separate and apart from the general public.  The purpose of the interview shall be to elicit all relevant and useful information bearing on whether the alien can establish a credible fear of persecution or torture."); *id.* § 208.30(e)(1) ("The asylum officer shall create a written record of the officer's determination, including a summary of the material facts as stated by the applicant, any additional facts relied on by the officer, and the officer's determination of

whether, in light of such facts, the alien has established a credible fear of persecution or torture."); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 45 (D.D.C. 2020) (noting that Form I-870 is the form "asylum officers use to take notes during credible fear interviews"). Accordingly, the detention provisions of § 1225(b)(1) have not been triggered. *See Joana J. v. Bondi*, No. 26-CV-0892 (MJD/JFD), 2026 WL 327935, at *2 (D. Minn. Feb. 4, 2026) (explaining that § 1225(b)(1)(B)(ii) did not apply to the petitioner because, among other things, the petitioner had not had an interview), *report and recommendation adopted*, 2026 WL 331414 (D. Minn. Feb. 8, 2026).

Respondents next argue that Wesby is subject to mandatory detention under § 1225(b)(2). Numerous recent cases in this District and around the country have challenged the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). Respondents' argument to the contrary has some force. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)). But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens who entered without inspection and are already

present and living in the United States.[2]  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (explaining that, in the context of § 1225, an "applicant for admission" is not synonymous with a person "seeking admission").

The Court recognizes that Wesby's situation is different in that he entered the United States after inspection.  But the fact remains that, to be subject to mandatory detention under § 1225(b)(2), Wesby must not only be an "applicant for admission," but also "seeking admission."  *See Castañon-Nava*, 161 F.4th at 1060–62.  As Wesby has been present in the United States since January 2024, he is not "seeking admission."  The fact that Wesby has a pending asylum application does not change the result.  *See Luis P. v. Bondi*, 26-CV-1144 (PJS/SGE), ECF No. 5 at *2–3 (D. Minn. Feb. 11, 2026) (holding that a pending asylum application does not mean that an immigrant already present in the United States is "seeking admission"); *Neftali L. v. Brott*, Case No. 26-CV-0145 (PJS/SGE), ECF No. 10 at *2–3 (D. Minn. Jan. 17, 2026) (same); *Ilmer D. v. Bondi*, Case No. 26-CV-0115 (PJS/DJF), ECF No. 7 at *3 (D. Minn. Jan. 15, 2026) (same).  The Court therefore holds that Wesby is not subject to mandatory detention under § 1225(b)(2).

Respondents have not addressed the appropriate remedy.  Wesby does not dispute that he could be detained under § 1226(a), which affords the possibility of a bond hearing.  But an arrest warrant is a prerequisite to detention under § 1226(a).

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at \*3 (D. Minn. Jan. 5, 2026) (holding that an arrest warrant is a prerequisite to detention under § 1226(a)); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) ("If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." (quoting § 1226(a))).  The Court will therefore grant Wesby's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART.

2.    Respondents must release petitioner from custody by 10:00 am on Saturday, March 7, 2026.  If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota before releasing him.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2026                    /s/ Patrick J. Schiltz
                                        Patrick J. Schiltz, Chief Judge
                                        United States District Court